UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IONA SANDERS | CIVIL ACTION |
| VERSUS | NO. 17-9733 |
| CHRISTWOOD, L.L.C. | SECTION M (5) |

## ORDER & REASONS

Before the Court is the motion of plaintiff Iona Sanders, proceeding *pro se*, to recuse the district judge and magistrate judge in this case.[1] Defendant Christwood, improperly named as "Christwood, L.L.C." ("Christwood"), opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion to recuse the undersigned and the magistrate judge under 28 U.S.C. § 144, and transferring to the magistrate judge the motion to recuse him under 28 U.S.C. § 455.

### I. BACKGROUND

This matter concerned allegations of racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981, and a claim of retaliation under the Louisiana whistleblower statute, La. R.S. 23:967. Christwood operates a retirement community consisting of independent living, assisted living, nursing, and memory care units.[3] Sanders, a registered nurse, began her employment with Christwood in September 2008,[4] and performed the

---

[1] R. Doc. 103.
[2] R. Doc. 109.
[3] R. Doc. 16 at 2.
[4] *Id.*

duties of the Assisted Living Unit Director from March 2015 until she left her employment with Christwood in January 2017.[5]

Sanders, then represented by counsel, commenced this suit in September 2017, and the case was randomly allotted to a district judge and to Magistrate Judge Michael B. North.[6] In the ensuing months, the parties and the Court engaged in preliminary scheduling and other pretrial actions. On June 18, 2018, the parties, together with their respective counsel, attended a settlement conference with the magistrate judge.[7] This was the only personal interaction the parties had with the magistrate judge. The parties were unable to reach a settlement at the conference, so the case proceeded to discovery. On July 12, 2018, Sanders's counsel was granted leave to withdraw and Sanders was permitted to proceed *pro se*.[8] On September 14, 2018, this case was transferred to the undersigned by random allotment.[9] On December 5, 2018, immediately after the discovery deadline passed and with a jury trial set for February 11, 2019,[10] Christwood filed a motion for summary judgment,[11] which the Court granted dismissing all of Sanders's claims with prejudice.[12] Sanders appealed the judgment.[13] On September 8, 2020, the Fifth Circuit affirmed this Court's dismissal of her discrimination claims, but vacated the dismissal of her whistleblower claims and remanded the case for further proceedings consistent with its opinion.[14]

On September 9, 2020, in order to get the case back on track in the district court, this Court ordered a status conference and required the parties to submit status reports "(1) advising the Court

---

[5] *Id.* at 2-3, 5.
[6] R. Docs. 1 & 2.
[7] R. Docs. 27 & 28.
[8] R. Docs. 29-31 & 33.
[9] R. Doc. 45.
[10] Trial was later continued and reset for August 5, 2019. R. Doc. 73.
[11] R. Doc. 52.
[12] R. Docs. 76 & 77.
[13] R. Doc. 78.
[14] R. Doc. 94.

2

of the issues they anticipate in preparing the case for trial, and (2) outlining what they perceive as the next steps to be taken in the case."[15]  Both parties submitted reports.[16]  In her report, Sanders provided her assessment of the case's status and asked that the case be set for trial before a jury.[17]  In the section of her report identifying pretrial issues, Sanders stated, *inter alia*, that "the District Court's belief that 'the law is on the side of the business,' and other statements spoken to me in the presence of my former attorney placed the Plaintiff at a disadvantage throughout these court proceedings of having equality when seeking justice."[18]  At the status conference on October 8, 2020, the parties discussed setting a deadline for dispositive motions, the setting and length of a jury trial, and Sanders's choice to proceed *pro se*.[19]  The Court then specifically addressed with Sanders the sentence from her status report quoted above:

> THE COURT:　　Okay.  So I wanted to deal with one other matter, and this involves you, Ms. Sanders.
>
> I'm reading your report, and there is a sentence in the report on Page 3 that I don't understand, so I need some clarification from you with respect to it.
>
> It's at the bottom of Page 3 in Paragraph 1, the issues that the plaintiff anticipates in preparing the case for trial.
>
> And it says, "Also the district court's belief that" -- and it's quoted -- "'the law is on the side of the business,'" closed quote, "and other statements spoken to me in the presence of my former attorney place the plaintiff at a disadvantage throughout these court proceedings in having equality in seeking justice."
>
> Are you quoting me at that point --
>
> MS. SANDERS:　　No, sir.
>
> THE COURT:　　-- or are you trying to quote me?

---

[15] R. Doc. 95.
[16] R. Docs. 96 & 97.
[17] R. Doc. 96.
[18] *Id.* at 3.
[19] R. Doc. 98.

| | |
|---|---|
| MS. SANDERS: | No, I'm not quoting you at that point, Judge. I'm not quoting you. |
| THE COURT: | Okay. Who are you quoting and what does that refer to? |
| MS. SANDERS: | I'm quoting Magistrate Judge North. |
| THE COURT: | Okay. And do you understand what he meant by that? |
| MS. SANDERS: | I'm quoting what he said. |
| THE COURT: | Okay. Well, I can assure you [based] on my relationship in working with Judge North, that Judge North is not trying to convey to you that somehow your claims for you, as the plaintiff, are disfavored in the court in any way, shape, or form. If he was trying to convey anything to you, he was probably telling you that -- his estimation of how the law might apply.<br><br>So, you know, I want you to understand that this Court is open-minded and seeks to administer equal justice under the law for all sides. You should have no fear that your claims are somehow not going to be adjudicated in a fair and equitable fashion.<br><br>So I just wanted to convey that message to you. Do you understand that? |
| MS. SANDERS: | I understand what you said. |
| THE COURT: | Okay. All right. I can hear some skepticism in your voice, and I guess I'll just have to deal with that.<br><br>We just administer the law the way the law is handed down to us, and that's what we're going to continue to do in a fair and equitable way. |
| Ms. SANDERS: | I understand what you said, Judge Ashe. |
| THE COURT: | That's my pledge to you, and that's what we're going to do.[20] |

On November 3, 2020, in accordance with the schedule established at the status conference, Christwood filed a motion for summary judgment directed to Sanders's whistleblower claims and

---

[20] R. Doc. 115 at 8-10.

4

set it for hearing on November 19, 2020.[21] On November 20, 2020, Sanders filed her opposition to the motion,[22] which was nine days late under Local Rule 7.5[23] and exceeded the page limit without leave of court under Local Rule 7.7.[24] On November 27, 2020 (16 days after her opposition was due), she moved for leave to file her opposition with excess pages,[25] which this Court granted, thereby allowing Sanders's late-filed and overlong opposition to be considered.[26] On December 10, 2020, Sanders moved to amend her opposition,[27] which this Court also granted and is now filed into the record.[28]

On the same day Sanders filed her opposition to Christwood's summary-judgment motion, she filed the present motion to recuse, which was itself marked deficient by the clerk of court for failure to set the motion for submission per Local Rule 7.2.[29] This Court ordered the motion to be set for submission on December 17, 2020.[30]

## II.     PENDING MOTION

Sanders asks that both the undersigned and Magistrate Judge North be recused from this case.[31] She argues that her "due process of the law is compromised as the District's Court [*sic*]

---

[21] R. Doc. 100.
[22] R. Doc. 101.
[23] "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." LR 7.5. Because the submission date for the motion for summary judgment was November 19, 2020, Sanders opposition was due on November 11, 2020. She filed her opposition on November 20, 2020, nine days late.
[24] "Except with *prior* leave of court, a trial brief or memorandum supporting or opposing a motion must not exceed 25 pages, excluding exhibits, and a reply brief or memorandum must not exceed 10 pages, excluding exhibits." LR 7.7 (emphasis added). Sanders's opposition was 54 pages. As a result, Sanders's opposition was marked as a deficient filing by the clerk of court. R. Docs. 101 & 102.
[25] R. Doc. 106.
[26] R. Doc. 107. The Court previously acted in like manner in regard to Sanders's late-filed opposition to Christwood's original motion for summary judgment, allowing Sanders's opposition and evidence to be considered. R. Docs. 59 & 75.
[27] R. Doc. 112.
[28] R. Docs. 113-114.
[29] "Counsel filing a motion must, at the time of filing, notice it for submission within a reasonable time." LR 7.2.
[30] R. Doc. 105.
[31] R. Doc. 103 at 1.

statement 'the law is on the side of the business,' and other statements made in the presence of my former attorney, were stated before the completion of the evidence presented in this claim."[32] Such statements hinder fair proceedings, she asserts, especially when made before all the evidence has been presented.[33] Sanders intimates that the judicial bias she says is reflected in these statements is confirmed by the Court's rulings in favor of Christwood.[34]

In opposition, Christwood argues that Sanders does not meet the standard for recusal or disqualification of a judge under either 28 U.S.C. § 144 or 28 U.S.C. § 455.[35] Under 28 U.S.C. § 144, Christwood asserts that Sanders has failed to attach the procedurally-required affidavit attesting to the judge's "'personal bias or prejudice.'"[36] Additionally, says Christwood, she has not timely filed the motion given the timing of her discovery of the purported bias over two years ago.[37] Under 28 U.S.C. § 455, Christwood argues that there is no extrajudicial act or sentiment that would indicate a "'personal bias or prejudice concerning a party.'"[38] Finally, Christwood asserts that there can be no evidence of bias as the facts of the case show that this Court has "gone to great lengths" to accommodate Sanders's noncompliant and untimely filings.[39]

### III. LAW & ANALYSIS

The Supreme Court's "precedents set forth an objective standard that requires recusal when the likelihood of bias on the part of the judge 'is too high to be constitutionally tolerable.'" *Williams v. Pennsylvania*, 579 U.S. __, 136 S. Ct. 1899, 1903 (2016) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009)). "A motion to recuse must be strictly construed for

---

[32] *Id.* at 2.
[33] *Id.*
[34] *Id.*
[35] R. Doc. 109 at 4.
[36] *Id.* (quoting 28 U.S.C. § 144).
[37] *Id.* at 6.
[38] *Id.* at 6-9 (quoting 28 U.S.C. § 455(b)(1)).
[39] *Id.* at 10-11.

6

form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice." *Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1113 (E.D. La. 1986). "To be timely, a motion to recuse must be filed as soon as practicable after discovery of the allegedly disqualifying facts." *Id.* at 1114. Motions to disqualify a judge can be brought under 28 USC § 144 or 28 U.S.C. § 455.

### A.  Recusal Under 28 U.S.C. § 144

Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Section 144 "relates only to charges of actual bias." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003). The affidavit "must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).

Sanders has not submitted an affidavit alleging bias in this case. Therefore, under this section of the law, the motion to recuse must be dismissed. *See, e.g.*, *United States v. Alexander*, 726 F. App'x 262, 262-63 (5th Cir. 2018) (affirming denial of recusal motion under 28 U.S.C. § 144 where movant failed to "submit the required affidavit delineating facts and reasons that would convince a reasonable person of the existence of bias"). However, even if the court were to attempt to construe her arguments as true, as would be proper if a sworn affidavit had been provided, she has not pointed to facts that would convince a reasonable person that the undersigned or the

7

magistrate judge has any actual personal bias against her or in favor of Christwood. Hence, Sanders has not met the requirements for recusal under 28 U.S.C. § 144.

## B. Recusal Under 28 U.S.C. § 455

Pursuant to 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He shall also disqualify himself … where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) & (b)(1). To bring a petition "under § 455(a) and (b)(1), the movant 'must (1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an "objective" observer's standard.'" *Casby v. St. Charles Par. Sheriff's Off.*, 2014 WL 6684947, at *2 (E.D. La. Nov. 25, 2014) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003)). "[T]he relevant inquiry is whether a 'reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (quoting *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 800 (5th Cir. 1986)). In this context, the reasonable person is contemplated to be "a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Trevino*, 168 F.3d at 179 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

Judicial statements made during the course of a case must be well out-of-bounds to warrant recusal. Opinions formed by the judge through the course of a case do not merit recusal for bias or partiality unless "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[A] judge does not show bias merely because he has formed and expressed an opinion, in light of the evidence before him, regarding a plaintiff's ability to prove her case." *Raborn v. Inpatient Mgmt. Partners, Inc.*,

352 F. App'x 881, 884 (5th Cir. 2009). "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555 (emphasis in original). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or impartiality. *Id.* at 555-56.

Likewise, adverse judicial rulings are not sufficient grounds for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see Raborn*, 352 F. App'x at 884 ("An adverse ruling, by itself, is not evidence of bias."). "'[O]nly in the rarest circumstances'" can a judicial ruling evince "'the degree of favoritism or antagonism required' to warrant recusal." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581 (5th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). In the ordinary course, judicial rulings "are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555; *see United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997). After all, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand." *Liteky*, 510 U.S. at 551.

In this case, Sanders bases her request for recusal on statements that were not made by me or in my presence. She has identified no statement by the undersigned that would indicate *any* level of bias or impartiality, much less one deriving from an extrajudicial source or revealing the kind of favoritism or antagonism as would make fair judgment impossible. The undersigned has ruled against Sanders only once, dismissing her claims on summary judgment after careful

consideration of her arguments and extensive submissions, notwithstanding their untimeliness.[40] At that time, Sanders took the appropriate action for objecting to an adverse ruling, appealing the case and gaining some relief.[41] Adverse judicial rulings are not themselves indications of bias, but are the necessary product of the adversarial process and a judge's role as umpire. Therefore, as to the undersigned, Sanders has not satisfied the standard for recusal under 28 U.S.C. § 455.

The Court doubts that Sanders has met this standard relative to Magistrate Judge North, especially considering her two-year delay after the settlement conference before seeking his recusal. However, because her grounds for recusal reference specific statements he is alleged to have made, it is the prudent course to allow him to address this aspect of Sanders's motion. While the undersigned did his best to explain the specific statement Sanders attributes to Magistrate Judge North, as reflected in the transcript of my exchange with Sanders at the status conference,[42] Magistrate Judge North will know the context of the alleged statements and is better situated to weigh the merits of Sanders's motion under § 455 as related to such statements. Accordingly, because of the nature of Sanders's allegations, and "because motions to recuse typically are decided by the judge a party seeks to recuse," Sanders's motion to recuse Magistrate Judge North on the basis of § 455 is referred to him. *See, e.g.*, *Gilbert v. Cates*, 2018 WL 6190802, at *3 (E.D. La. Nov. 28, 2018).

IV. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiff Iona Sanders's motion to recuse (R. Doc. 103) is DENIED IN PART and REFERRED IN PART to the magistrate judge. The motion is denied in all respects

---

[40] R. Doc. 76.
[41] R. Doc. 94.
[42] R. Doc. 115 at 8-10.

under 28 U.S.C. § 144 and under 28 U.S.C. § 455 as it pertains to the undersigned, but the motion is referred to the magistrate judge to address the grounds alleged for his recusal under § 455 and for further proceedings consistent with this opinion.

New Orleans, Louisiana, this 18th day of December, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE